tract price for defendants' work upon a proposed building; in other words, that the contract price must be in existence before the amount of the advertisement contracts can be payable or be deducted therefrom. There is a total absence of evidence of any contract whatsoever having ever been entered upon by the defendants for doing their work (carpenter work) upon a proposed building. There never was any such contract made by the defendants. For that reason no contract price was in existence, from which the amount of the advertising contracts could be deducted; in short, the event at which the amounts of the three advertisement contracts were to become payable by being de-·ducted. from a contract price has never arrived, and for that reason the defendants are not obligated in any manner to the plaintiff on said advertising contracts.

The direction of the verdict was wrong, and the judgment must be reversed, with costs to the appellants to abide the event, and a new trial granted. All concur.

<hr>

(18 Misc. Rep. 582.)

## HAYES v. THIRD AVE. R. CO.

(City Court of New York, General Term.   December 10, 1896.)

EVIDENCE—HYPOTHETICAL QUESTION.
> It is not permissible to ask a medical witness if, assuming that plaintiff suffers in certain ways, such suffering is a probable result of the injuries of which he complains, where it is not proved that plaintiff does suffer as assumed.

Appeal from trial term.

Action by Cornelius Hayes against the Third Avenue Railroad Company for personal injuries. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CONLAN and O'DWYER, Justices.

Henry L. Scheuerman, for appellant.

James Cowden Meyers, for respondent.

O'DWYER, J.   The action was brought to recover damages for injuries alleged to have been sustained by reason of the negligence of the agents, servants, and employés of the defendant.   The answer is a general denial, and contains the affirmative allegations that the injuries claimed to have been sustained were caused solely or in part by the plaintiff's own carelessness, negligence, or improper conduct, or by the carelessness, negligence, or improper conduct of some third person or persons over whom the defendant exercised no control.   Evidence of an accident resulting in injuries to the plaintiff was introduced, and upon all the evidence the case became one for the jury to determine whether the defendant was guilty of negligence, and the plaintiff free from contributory negligence; and their verdict is decisive, and the judgment must be affirmed, unless some error was committed by the learned judge at the trial of the action.

During the direct examination of Dr. Cherry, who had treated the plaintiff, and last examined him in October, 1894, he was asked:

"Q. Assuming that the testimony is that the plaintiff had suffered, and continued to suffer, during bad weather, shooting pains and soreness in the hip, is that a probable result of the injury, as you saw it? (Objected to as incompetent; that it assumes a portion of the testimony of the witness; that is all, and it is all before the jury, and is irrelevant, immaterial, and a conclusion. Objection overruled. Defendant excepts.) A. It is."

The question is hypothetical. It assumes the truth of those claims of suffering upon which the plaintiff relies as part of his damage. Now, there is no evidence to support these assumptions. Plaintiff's testimony as to the continuance of the pains is as follows:

"I suffer pain in my head. It is a stinging pain when the atmosphere is heavy. It always pains me when I was going upstairs. If I live high in the house, I have to hold my head when I go upstairs. Q. Has this pain continued since the 6th day of September, 1894? A. Yes, sir."

This is all the evidence there is of continuing pain or trouble during bad weather. All this relates to the head, which was not injured by the accident. Consequently, there is no proof of continuing hip soreness; no proof of shooting pains. This hypothetical question, therefore, rests upon mere assumption. It served to convey to the jury that there were hip pains in addition to head pains, and shooting pains in addition to stinging pains, and that they were the probable result of the accident, whereas actually there was nothing in the evidence to show the existence of either continuing hip pains or shooting pains. The law is well settled that the opinion of an expert can be given only in reply to a hypothetical question based upon the facts proven, and fairly within the scope of the evidence.

At the conclusion of the trial the defendant requested the court to charge "that there is no proof in this case of any permanent injury."

"The Court: I decline to charge that. There is some evidence, and it is for the jury to judge about that. (Defendant excepts to a refusal so to charge.) The Court: There is no positive evidence of a permanent injury. I charge that, but it is for you to judge. (Defendant excepts.)"

There is some evidence that the subjective pains had continued up to the day of the trial, but there is not a word to indicate that they would be permanent, or would probably be permanent; that is, would last while the man lived. The court's ruling was error. There is no proof whatever of any permanent injury, and it was, therefore, clearly wrong to leave the question to the jury for them to judge. The other errors assigned are not passed upon, for the reason that they might not occur on a new trial.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

CONLAN, J., concurs.